**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**CATHY L. WALDOR**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

<u>**LETTER ORDER**</u>

Re:     **The Hertz Corporation, et al. v. Mark Frissora, et al.**

<u>**Civil Action No. 2:19-cv-8927-ES-CLW**</u>

This matter is before the Court upon the application of Defendants Mark Frissora ("Frissora") and John Jeffrey Zimmerman ("Zimmerman") (collectively "Defendants") for an Order compelling Plaintiffs Hertz Corporation and Hertz Global Holdings, Inc. (collectively "Hertz") to produce documents Hertz alleges are protected from disclosure by the attorney client privilege and/or work product doctrine. (ECF No. 116.) Hertz opposed the motion (DE 134) and Defendants replied (ECF No. 137.)  This motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motion is **GRANTED** in part and **DENIED** in part.

## I.    BACKGROUND

The Court assumes the parties' familiarly with the facts and will only address those necessary to decide this motion.  Defendants' Zimmerman and Frissora held various executive positions at Hertz and were members of its Board through December 2014 and September 2014, respectively. Hertz alleges that Defendants engaged in gross negligence and misconduct that resulted in inaccuracies in Hertz's reporting of its financials for fiscal years 2011, 2012, and 2013.  As a result, Hertz issued a restatement of its financial statements for those years ("Restatement").  Shortly thereafter, Hertz initiated an internal investigation and was subject to an investigation from the Security and Exchange Commission ("SEC") concerning the accounting errors that led to the Restatement.  To assist with the SEC investigation and internal investigation, Hertz hired various counsel, which prepared and presented findings related to, among other things, whether Frissora and Zimmerman's conduct entitled Hertz to recover incentive compensation Defendants received in 2011, 2012, and 2013 that was allegedly subject to compensation recovery policies from 2010 and 2014.

On February 11, 2019, the Compensation Committees of the Board of Directors passed a resolution ("Clawback Resolution"), which resolved that Defendants needed to "forfeit all or a portion of the Covered Incentive Compensation" from 2011, 2012, and 2013. (ECF No. 116-4). On February 13, 2019, Hertz sought the return of Defendants' incentive compensation, which Defendants refused to return. (ECF No. 110 at 134).  Consequently, on March 25, 2019, Hertz brought this action to recover the incentive-based compensation from Frissora and Zimmerman pursuant to the Clawback Resolution. (ECF No. 1.)  Hertz alleges that its Compensation Committees and the

1

Board made a "good faith" determination that Defendants' gross negligence and misconduct triggered the need for the Restatement and therefore, Hertz is entitled to the incentive compensation under the Clawback Resolution. (ECF No. 110.)

Now, Defendants ask the Court to compel Hertz to produce two extremely broad categories documents and information 1) materials related to the Clawback Resolution; and 2) underlying investigation materials related to Hertz's voluntary disclosures to the SEC ("SEC Materials"). (ECF No 116.) Included within the Clawback Resolution materials sought by Defendants are "the clawback presentations, all investigation materials underlying those presentations, and all communications with outside counsel related to the clawback claims" ("Clawback Materials"). (ECF No. 116.) Hertz argues that the materials and information sought by Defendants are protected by the attorney-client privilege and/or the work-product doctrine. (ECF No. 134.) Defendants do not contest Hertz's argument and instead argue that Hertz waived the protection because it put advice of counsel in issue as to Clawback Materials and waived the protection as to the underlying SEC investigation materials by making voluntarily disclosures to the SEC. *Id.*

   *a) Clawback Materials*

Defendants argue that Hertz waived the privilege by alleging it acted in "good faith" in passing the Clawback Resolution. To support waiver, Defendants argue that Hertz's "good faith" passing of the Clawback Resolution was based on advice of counsel, evidenced by the following language included in the Clawback Resolution:

> "the Committees, the Boards and Nominating and Governance Committees of the Board have received multiple presentations from the Corporations' internal counsel and from Quinn Emanuel Urquhart & Sullivan, LLP, Herbert Beigel and other outside counsel with respect to the merits of claims under the Clawback Policies against the Former Officers."

(ECF No. 116.)

Defendants bolster their argument by citing to the deposition testimony of Henry Keizer, Hertz's Chairman of the Board ("Keizer") and Kathryn Marinello, Chief Operating Office of Hertz at the time the Clawback Resolution was passed ("Marinello"). Keizer testified that he made his conclusions as to responsibility for the Restatement on the "information [he] learned as a board member from various briefings of counsel" and that he believed Hertz's Board and its committees based its determination of responsibility for the Restatement on presentations provided by counsel. (ECF No. 116-4, Ex. I at 70:23-71:6, 71:7-72:12.) Marinello testified that she was not aware of anything that the Board relied upon other than presentations of counsel, as referenced in the Clawback Resolution. (ECF No. 11-4, Ex. J at 404:15-405:12.) Defendants also argue in a footnote that they have a legitimate need for this evidence "to test the completeness and validity of the evidence the Board relied on[;]" that the evidence is "relevant and material because it is the only evidence on which Hertz's claims are based[;]" and [o]nly Hertz is in possession of written

clawback materials" so the information cannot be obtained from any other source.  (ECF No. 116-1.)

Hertz argues that it has not waived the privilege because it did not put the legal opinions or advice of its attorneys "in issue" because the "clawback claims are based on good faith determinations of Hertz's Compensation Committees (and their efforts to obtain facts/evidence), not on legal *opinions or advice* of attorneys who happened to communicate facts in connection with its investigation and legal advice to Hertz."  (ECF No. 134.)  Hertz goes on to state that Defendants conflate "relying on the legal advice of counsel . . . with reliance on information/facts received from counsel . . .."  (ECF No. 134.)  Nonetheless, Hertz is willing to produce the clawback presentations in redacted form to protect legal advice and opinions.[1]  (ECF No. 134.)

   b) *SEC Materials*

Defendants argue that because Hertz voluntarily produced a two-hundred-page presentation to the SEC that Defendants received through discovery, Hertz has waived the privilege of the investigation materials underlying the presentation because the presentation references the investigation.  (ECF No. 116.)  Hertz does not dispute that the presentation was voluntarily produced to the SEC but argues that Defendants are mischaracterizing the contents of the presentation.

## II.   LEGAL STANDARD

This Court sits in diversity and therefore must apply New Jersey law to determine issues of attorney-client privilege. Fed. R. Evid. 501; *In re Human Tissue Products Liab. Litig.*, 255 F.R.D. 151, 156 (D.N.J. 2008) (*citing In re Ford Motor Co.*, 110 F.3d 954, 965 (3d Cir. 1997)). New Jersey's attorney-client privilege attaches to communications made between lawyers and clients "in the course of that relationship and in professional confidence." N.J.S.A. 2A:84A–20; N.J.R.E. 504; *Hedden v. Kean Univ.*, 82 A.3d 238, 244 (N.J. Super. App. Div. 2013).  However, "[b]ecause the privilege may be employed to obstruct the search for truth, the privilege is not absolute and care must be taken to insure that the privilege is not abused*." Orion Corp. v. Sun Pharm. Indus., Ltd.*, 2010 WL 686545, at *8 (D.N.J. Feb. 22, 2010) (citing *United Jersey Bank v. Wolosoff*, 483 A.2d 821 (N.J. Super. App. Div. 1984)).  "The attorney-client privilege is ordinarily waived when a confidential communication between an attorney and a client is revealed to a third party." *O'Boyle v. Borough of Longport*, 218 N.J. 168, 186, 94 A.3d 299, 309 (2014).  Additionally, "the attorney-client shield may be pierced when confidential communications are made a material issue by virtue of the allegations in the pleadings and where such information cannot be secured from any less intrusive source." *Wolosoff*, 196 N.J.Super at 557-58 (N.J. 1984); *Payton v. New Jersey Tpk. Auth.*, 148 N.J. 524, 553, 691 A.2d 321, 335 (1997). However, "New Jersey courts have declined to treat the 'in issue' doctrine as operating automatically" and instead they have applied the three-part test outlined in *In re Kozlov*, 79 N.J. 232, 243–44.  The following "three foundations must be established by the party seeking to pierce the privilege: (1) there must be a legitimate need

---

[1] Hertz also asserts that no depositions have been taken yet so "Defendants can learn about the Compensation Committees members' (good faith) intentions/actions by deposing them and inquiring" about potential "bad faith reasons to seek to clawback their compensation."  *Id*.

for the evidence; (2) the evidence must be relevant and material to the issue before the court; and (3) by a fair preponderance of the evidence, the party must show that the information cannot be secured from any less intrusive source." *Kozlov*, 79 N.J. at 243–44.

"The attorney-client privilege and the work-product doctrine, though related, are two distinct concepts and waiver of one does not necessarily waive the other*." Schering Corp. v. Mylan Pharm., Inc.*, 09-cv-6383(JLL), 2011 WL 3651343, at \*7 (D.N.J. Aug. 18, 2011).  Unlike issues of attorney-client privilege, a uniform federal work product doctrine applies even in diversity cases. *Human Tissue Products*, 255 F.R.D. at 157 (*citing United Coal Cos. v. Powell Const. Co.*, 839 F.2d 958, 966 (3d Cir. 1988)). A party may override the protection by showing (1) the documents are otherwise discoverable, (2) the party has a substantial need for the materials, and (3) the party cannot obtain a substantial equivalent without undue hardship. *Id.*; *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (*citing In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003)).  Rule 26(b)(3) also establishes that core" or "opinion" work-product that encompasses the "mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation" is "generally afforded near absolute protection from discovery." *In re Cendant Corp.*, 343 F.3d at 663 (3d Cir. 2003).

## III.   <u>ANALYSIS</u>

As a threshold matter, Hertz's briefing is ambiguous as to whether the work-product doctrine applies to any of the documents sought by Defendants and, to the extent the work-product doctrine does apply to documents sought, Defendants failed to override the protection because they did not address the three step analysis outlined above.

### a)   *Clawback Materials*

The Court finds that Hertz did not waive the privilege as to the investigation materials underlying the clawback presentations or communications with outside counsel related to the clawback claims because Defendants have not shown that Hertz placed them "in issue."  Defendants broadly allege waiver but fail to specifically cite any deposition testimony or other discovery from Hertz that directly places these two categories of documents and information "in issue." Defendants cite the deposition testimony of Keizer and Marinello to support waiver however, the deposition transcripts reveal that Keizer and Marinello state they relied on the presentations of counsel, not the underlying investigation materials or communications with counsel. (ECF No. 116-4, Ex. I at 70:23-71:6, 71:7-72:12; Ex. J at 404:15-405:12.)  Therefore, Defendants Motion to Compel is **DENIED** as to the investigation materials underlying the clawback presentations and as to communications with outside counsel related to the clawback claims.

In contrast, based upon the language contained in the Clawback Resolution that Hertz received presentations from counsel as to the merits of its clawback claims against Defendants and the deposition testimony cited above, the Court finds that Defendants have sufficiently shown, to the extent the clawback presentations are protected by the attorney-client privilege, Hertz has placed them "in issue."   However, before piercing the privilege, the Court must evaluate whether Defendants established that they have a legitimate need for the evidence sought, that the evidence

is relevant and material to the issue before the court, and that the information cannot be secured from a less intrusive source.

The Court finds that there is a legitimate need for the evidence, it is relevant and material to the issues, and it is not available from any less intrusive source.  Defendants have established that the discovery sought will further their search for information supporting the Board's alleged good faith in passing the Clawback Resolution.  This information may have an impact on the claims and defenses of the parties, therefore there is a legitimate need for its production. Additionally, the second prong of relevance and materiality is met through the Court's finding that Hertz put the presentations "in issue."  Finally, the Court finds that Hertz's offer to produce the presentations in redacted form is a concession that the materials and information sought is not available from any less intrusive source.  Thus, all three prongs of the *Kozlov* test are met. Therefore, Defendants Motion to Compel is **GRANTED** as to the clawback presentations only. However, given the ambiguity of whether Hertz is alleging that the clawback presentations contain protected core work-product, the Court errs on the side of caution and finds that upon approval by this Court, Hertz may redact any information contained in the clawback presentations that it believes to be "mental impressions, conclusions, opinions, or legal theories" pursuant to Rule 26(b)(3). *Wong v. Thomas*, 238 F.R.D. 548, 552 (D.N.J. 2007) (upon a showing of substantial need, the court ordered the production of materials "redacted to exclude 'mental impressions, conclusions, opinions, or legal theories. . .").

### b) SEC Materials

The Court finds that Defendants have not established that Hertz waived its privilege regarding materials that were never produced to the SEC.  Defendants allege they are entitled to the underlying investigative documents and materials because Hertz made voluntary disclosures to the SEC but fail to cite a single controlling case in New Jersey supporting this contention.  Instead, Defendants rely heavily on the Third Circuit's decision in *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1431 (3d Cir.1991).  However, Defendants reliance is misplaced because, as noted above, New Jersey law determines the applicability of the attorney-client privilege. Additionally, even if the Court were to evaluate Hertz's disclosure to the SEC under *Westinghouse*, the Court would still protect the underlying investigation materials because they were never disclosed to the SEC and under *Westinghouse* waiver was only found for the documents actually disclosed.

Because Defendants failed to show that Hertz waived the privilege, the Court does not need to weigh the three factors outlined in *Kozlov*. Therefore, Defendants Motion to Compel as to the SEC Materials is **DENIED.**

## IV.   CONCLUSION

For the foregoing reasons:

IT IS on this 12th day of November, 2020,

**ORDERED** that Defendants' Motion to Compel is **GRANTED** in part with respect to the clawback presentations;

**ORDERED** that Defendants' Motion to Compel is **DENIED** with respect to the remaining Clawback Materials and the SEC Materials;

**ORDERED** that Hertz shall provide the Court with proposed redactions to the clawback presentations by December 15, 2020; and

**FURHTER ORDERED** that the Clerk of Court terminate ECF No. 116.


*s/Cathy L. Waldor*
**CATHY L. WALDOR**
United States Magistrate Judge